UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ,
ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS,

                                          Plaintiffs,

          -against-

CITY OF NEW YORK, JOSH KAVENEY, Individually,
"JOHN" GILL, Individually, OSVALDO NUNEZ, Individually,
ANGEL BONES, Individually, ERIC BOLGER, Individually,
DEREK KIELY, Individually, PHILIP PARADISIO, Individually,
KELVIN GLOVER, Individually, DANIEL BACA, Individually,
ANTHONY DISIMONE, Individually, and JOHN and JANE DOE
1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 8705 (PKC)

<u>Jury Trial Demanded</u>

      Plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE,

JOSE J. GONZALEZ, and KAREEM WALTERS, by their attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully allege as follows:

<b><u>Preliminary Statement</u></b>

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitution of the United States.  Plaintiffs

also assert supplemental state law claims.

<b><u>JURISDICTION</u></b>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JUDITH COLON is a fifty-two year old Hispanic American woman who resides in the Bronx, New York.

7.     Plaintiff DAMIAN REYNOSO is a forty-four year old Hispanic American man who resides in the Bronx, New York.

8.     Plaintiff DESTINI NUNEZ is an eighteen year old Hispanic American woman who resides in the Bronx, New York.

9.     Plaintiff ANGEL ARCE is a forty-nine year old Hispanic American man who resides in the Bronx, New York.

10.     Plaintiff JOSE J. GONZALEZ is a forty-eight year old Hispanic American man who resides in the Bronx, New York.

11.     Plaintiff KAREEM WALTERS is a twenty-nine year old African American man who resides in the Bronx, New York.

12.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

13. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

14. That at all times hereinafter mentioned, the individually named defendants, JOSH KAVENEY, "JOHN" GILL, OSVALDO NUNEZ, ANGEL BONES, ERIC BOLGER, DEREK KIELY, PHILIP PARADISIO, KELVIN GLOVER, DANIEL BACA, ANTHONY DISIMONE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

15. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

16. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

FACTS

17. On August 31, 2011, at approximately 6:15 a.m., several NYPD police officers, including, upon information and belief, defendants JOSH KAVENEY, "JOHN" GILL, OSVALDO NUNEZ, ANGEL BONES, ERIC BOLGER, DEREK KIELY, PHILIP PARADISIO, KELVIN GLOVER, DANIEL BACA, and ANTHONY DISIMONE broke the front doors located on the basement, first, and second floors of 308 East 169th Street Bronx, New York, and entered said apartments.

3

18.    The defendant officers first entered the first floor apartment where plaintiffs COLON, REYNOSO, and NUNEZ were sleeping.

19.    The defendant officer entered plaintiff COLON's room and found plaintiff COLON and REYNOSO in plaintiff COLON's bed.

20.    Defendant officers grabbed plaintiff COLON, who was naked, pushed her to the ground, and placed handcuffs on her wrists.

21.    The defendant officers pointed a gun at plaintiff REYNOSO's face, ordered him not to move, and placed handcuffs on his wrists.

22.    The defendant officers left plaintiffs COLON and REYNOSO undressed and handcuffed in plaintiff COLON's bed for approximately twenty minutes before allowing them to dress.

23.    The defendant officers entered plaintiff NUNEZ's room and found her in her bed.

24.    The officers pointed a gun in plaintiff NUNEZ's face, grabbed her and placed handcuffs on her wrists.

25.    The defendant officers then entered the second floor apartment where they found plaintiffs WALTERS and GONZALEZ.

26.    The officers entered plaintiff WALTERS' room where he was in his bed, grabbed him, pulled him to the ground, and then placed handcuffs on his wrists.

27.    The defendant officers found plaintiff GONZALEZ in his room. The officers placed over tight handcuffs on his wrists.

28.    Plaintiff GONZALEZ repeatedly asked that his handcuffs be loosened. The defendants ignored said requests.

29.    The defendant officers then entered the basement apartment where they found

4

plaintiff ARCE asleep in his bed.

30.    The officers grabbed plaintiff ARCE, brought him into the living room of his apartment, and placed handcuffs on his wrists.

31.    The defendants searched plaintiffs and their apartments and unlawfully took and withheld approximately $2,100.00 from plaintiff COLON and approximately $1,000.00 from plaintiff ARCE.

32.    The defendant officers arrested the plaintiffs despite lacking any reason to believe that they possessed any contraband or had committed any crime or offense.

33.    The defendant officers removed all of the plaintiffs from the building and imprisoned them handcuffed in a police vehicle.

34.    The defendant officers then executed a second search warrant at different location while plaintiffs were left imprisoned and handcuffed in the police vehicle.

35.    Thereafter, the defendants transported plaintiffs to the 44th police precinct and imprisoned them therein.

36.    While in the stationhouse, an officer subjected plaintiff WALTERS to a humiliating and unlawful strip search, wherein he was compelled to remove all of his clothing, and to thereafter squat and cough.

37.    The defendant officers continued to imprison the plaintiffs until the District Attorney's Office for Bronx County reviewed the above arrests and declined to prosecute the plaintiffs.

38.    The defendants thereafter released plaintiffs COLON, NUNEZ, GONZALEZ, and ARCE between 9:30 and 10:00 p.m., on August 31, 2011, without filing any charges against them.

5

9

39.     The defendants next released plaintiffs WALTERS and REYNOSO between 1:00 and 1:15 a.m., on September 1, 2011, without filing any charges against them.

40.     Defendants "JOHN" GILL, who holds the rank of Captain, OSVALDO NUÑEZ, who holds the rank of Lieutenant, and ANGEL BONES, who holds the rank of Sergeant, supervised defendants JOSH KAVENEY, ERIC BOLGER, DEREK KIELY, PHILIP PARADISIO, KELVIN GLOVER, DANIEL BACA, and ANTHONY DISIMONE and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

41.     Defendants "JOHN" GILL, OSVALDO NUÑEZ, ANGEL BONES, ERIC BOLGER, DEREK KIELY, PHILIP PARADISIO, KELVIN GLOVER, DANIEL BACA, ANTHONY DISIMONE, and JOHN and JANE DOE 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

42.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, due to discrimination against plaintiffs due to their race and/or nationality, and based on a de facto custom or practice of falsification.

43.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained on the proper way to execute search warrants, investigate an incident, how to treat innocent and/or uninvolved individuals who are found at a location of an execution of a search warrant, when to strip search individuals, and that many NYPD officers engage in a practice of falsification.

44.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

45.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

46.     As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

47.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

49.     All of the aforementioned acts deprived plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS, members of a racial minority, of the rights, privileges and immunities guaranteed to

7

8

citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

50.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

51.      The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52.      Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.      As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

54.      Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.      Defendants arrested plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS without

probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

56.    Defendants caused plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUÑEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS to be falsely arrested and unlawfully imprisoned.

57.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUÑEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Unlawful Strip Search under 42 U.S.C. §1983)**

58.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.    Defendants strip searched plaintiff KAREEM WALTERS in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

60.    Defendants thereby caused plaintiff KAREEM WALTERS to be deprived of his right to be free from unlawful strip searches.

61.    As a result of the foregoing, plaintiff KAREEM WALTERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

62.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

64.     As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

65.     As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

66.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The defendants falsely arrested plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS and subjected plaintiff KAREEM WALTERS to an unlawful strip search because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such

11

treatment committed in their presence by other NYPD officers.

68.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were deprived of their rights under the Equal Protection Clause of the United States Constitution.

69.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

70.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    Defendants had an affirmative duty to intervene on behalf of plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS, whose constitutional rights were being violated in their presence by other officers.

72.    The defendants failed to intervene to prevent the unlawful conduct described herein.

73.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS' liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and plaintiff KAREEM

WALTERS was subject to an unlawful strip search.

74.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Supervisory Liability under 42 U.S.C. § 1983)**

75.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

77.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Municipal Liability under 42 U.S.C. § 1983)**

78.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

12

municipality/authority, which is forbidden by the Constitution of the United States.

80.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, falsely arresting all individuals who are present at the location of the execution of a search warrant irrespective of whether probable cause existed, unlawfully strip searching individuals, inadequate screening, hiring, retaining, training and supervising its employees, and a *de facto* policy, custom or practice of falsification.

81.     The aforementioned customs, polices, usages, practices, procedures and rules of the New York City Police Department were the moving force behind the violation of plaintiff JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS' rights as described herein.

82.     As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

83.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS.

84.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs JUDITH COLON, DAMIAN

13

REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS as alleged herein.

85.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS as alleged herein.

86.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were unlawfully arrested and KAREEM WALTERS was subjected to an unlawful strip search.

87.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS' constitutional rights.

88.    All of the foregoing acts by defendants deprived plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS of federally protected rights, including, but not limited to, the right:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from false arrest/unlawful imprisonment;

C.    To be free from unlawful strip search;

D.    To be free from the failure to intervene; and

14

E.    To receive equal protection under law.

89.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**Supplemental State Law Claims**

90.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

92.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

93.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

94.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

95.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

96.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.     Defendants arrested plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS without probable cause.

98.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

99.     As a result of the aforementioned conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were unlawfully imprisoned in violation of the laws of the State of New York.

100.     As a result of the aforementioned conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

101.     As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

102.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

16

paragraphs numbered "1" through "101" with the same force and effect as if fully set forth herein.

103. As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were placed in apprehension of imminent harmful and offensive bodily contact.

104. As a result of defendant's conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

105. As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

106. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Defendants made offensive contact with plaintiffs without privilege or consent.

108. As a result of defendants' conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS have suffered physical pain and mental anguish, together with shock, fright,

17

apprehension, embarrassment, and humiliation.

109.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

110.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiff was unlawfully strip searched in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband at the time he was searched.

112.    As a result of defendants' conduct, plaintiff KAREEM WALTERS has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

113.    As a result of the foregoing, plaintiff KAREEM WALTERS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Wrongful Taking under the laws of the State of New York)

114.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

18

115.    Defendants intentionally interfered with and excluded plaintiffs COLON and ARCE from their rightful possession of property.

116.    As a result of the foregoing, plaintiffs JUDITH COLON and ANGEL ARCE, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

117.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

119.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

120.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

121.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS.

122.    As a result of the aforementioned conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS suffered emotional distress, physical and mental injury, together with

19

embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

123.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS.

125.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

126.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

127.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "126" with the same force and effect as if fully set forth herein.

128.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

20

participated in the arrest of plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS.

129.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

130.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

132.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Respondeat Superior liability under the laws of the State of New York)

133.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in

21

paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

134.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

135.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A NINETEENTH CAUSE OF ACTION**
**(Violation of N.Y.S. Constitution Article 1 §11)**

136.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    As a result of defendants' conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were deprived of their right to equal protection of laws.

138.    As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

22

**AS AND FOR A TWENTIETH CAUSE OF ACTION**
(Violation of NYS Constitution Article 1 §12)

139.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.    As a result of defendants' conduct, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS were deprived of their right to security against unreasonable searches, seizures, and interceptions.

As a result of the foregoing, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ, ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        April 29, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs JUDITH COLON,
DAMIAN REYNOSO, DESTINI NUNEZ,
ANGEL ARCE, JOSE J. GONZALEZ,
and KAREEM WALTERS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

JUDITH COLON, DAMIAN REYNOSO, DESTINI NUNEZ,
ANGEL ARCE, JOSE J. GONZALEZ, and KAREEM WALTERS,

Plaintiffs,

    -against-

12 CV 8705 (PKC)

CITY OF NEW YORK, JOSH KAVENEY, Individually,
"JOHN" GILL, Individually, OSVALDO NUNEZ, Individually,
ANGEL BONES, Individually, ERIC BOLGER, Individually,
DEREK KIELY, Individually, PHILIP PARADISIO, Individually,
KELVIN GLOVER, Individually, DANIEL BACA, Individually,
ANTHONY DISIMONE, Individually, and JOHN and JANE DOE
1 through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100
